Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as
Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>DAMRICH COATINGS INC.,<br><br>    Defendant. | Adv. Proc. No. 18-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

Plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding GUC Trust (the "GUC Trustee" or "Plaintiff"), for his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against Damrich Coatings Inc. (the "Defendant"), alleges as follows:

## Nature of the Action

1. The Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtors' bankruptcy cases.

## The Parties

2. Pursuant to the *Findings of Fact, Conclusions of Law and Order Confirming First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and Its Affiliated Debtors* filed on March 2, 2017 [Docket No. 671] (the "Confirmation Order") in the above-referenced bankruptcy case, the Bankruptcy Court granted authority for the GUC Trustee to prosecute avoidance actions on behalf of the Debtors' estates. *See First Amended Joint Chapter 11 Plan of Reorganization of International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671-1] (the "Plan") at §§ 9.5 - 9.6.

3. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Alabama that maintains its principal place of business at 5 Dauphin Street, Suite 301, Mobile, Alabama.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107 (a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

**Case Background**

6. On August 1, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On March 2, 2017, the Court entered the Confirmation Order, confirming the Plan. On July 3, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

7. Pursuant to the Plan and Confirmation Order, the Plaintiff was appointed on the Effective Date "to implement the Plan with respect to all Debtors," including to "prosecute any GUC Trust Causes of Action." *Plan*, at § 9.6. GUC Trust Causes of Action

include the recovery of preferential transfers under section 547 of the Bankruptcy Code. *Plan*, at §§ 1.1.9, 1.1.68.

## Facts

8. Prior to the Petition Date, International Shipholding ("ISH") and its Debtor and non-Debtor affiliates were engaged in waterborne cargo transportation and maintained a diversified customer base with emphasis on medium and long term contracts.

9. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

10. During the ninety days prior to the Petition Date, International Shipholding Corporation made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers"). Exhibit A sets forth the details of each of the Transfers, including check or payment number, payment date and payment amount. The aggregate amount of the Transfers is not less than $99,322.26.

11. Although it is possible some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). Plaintiff sent an advance demand letter to Defendant inviting an exchange of information regarding any potential defenses, but the parties were unable to reach any resolution as to the validity of the defenses.

## First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

12. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

13. Within the ninety days prior to the Petition Date, International Shipholding Corporation made the Transfers to Defendant in the total amount of $99,322.26, as more specifically described in Exhibit A.

14. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18. Each of the Transfers was made while International Shipholding Corporation was insolvent. Moreover, Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and

(ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

20. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

21. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

22. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 21, above, as though fully set forth at length.

23. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

24. The Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

25. Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1. For a determination that each of the Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code and that the Plaintiff is entitled to recover the Transfers in the total amount of $99,322.26 under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 23, 2018
New York, NY

>                     */s/ Beth E. Levine*
>                     Beth E. Levine
>                     Andrew W. Caine (admitted *pro hac vice*)
>                     PACHULSKI, STANG, ZIEHL & JONES LLP
>                     780 Third Avenue, 34th Floor
>                     New York, New York 10017
>                     Telephone: (212) 561-7700
>                     Facsimile:  (212) 561-7777
>                     Email:  blevine@pszjlaw.com
>                                 acaine@pszjlaw.com
>
>                     *Counsel to Plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding GUC Trust*

**Payments within 90 Days**  
**Petition Date:  August 1, 2016**

In re:  International Shipholding Corporation, et al., Debtors  
USBC, Southern District of New York Case No. 16-12220 (SMB)

| Vendor Name | Debtor That Made Payment | Invoice # | Invoice Date | Payment Date | Payment # | Payment Type | 90 Day Payment Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| **Damrich Coatings Inc.** | **International Shipholding Corp.** | **1877** | **5/2/2016** | **6/10/2016** | **118150** | **WT** | **$ 43,732.36** |
| **Damrich Coatings Inc.** | **International Shipholding Corp.** | **1878** | **5/18/2016** | **6/20/2016** | **118259** | **WT** | **$ 42,782.30** |
| **Damrich Coatings Inc.** | **International Shipholding Corp.** | **1883** | **6/1/2016** | **7/22/2016** | **9745** | **SYS** | **$ 12,807.60** |
| | | | | | | | **$ 99,322.26** |

**EXHIBIT A**